**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JULIUS EARL EDWARDS**                                                                          **PLAINTIFF**

**V.**                                                                      **NO. 4:16-CV-00248-DMB-JMV**

**GRANT, Warden of Prison/Facility**                                                          **DEFENDANT**

## ORDER OF DISMISSAL

This matter is before the Court, sua sponte, for consideration of dismissal. Julius Earl Edwards, an inmate housed at the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against TCCF Warden Grant. Having fully considered Edward's allegations and the applicable law, the Court finds that Edwards' complaint must be dismissed.

## I
## Screening Standards

Because Edwards has been permitted to proceed *in forma pauperis* in this action,[1] his complaint is subject to sua sponte dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022,

---

[1] *See* Doc. #7.

[2] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## II
### Edwards' Allegations

Edwards asserts that on November 15, 2016, he was using an exercise machine in the "yard" at TCCF when the cable snapped, causing the thirty-pound bar connected to the cable to fall onto his head. Doc. #1 at 4. Edwards claims that he sustained a "massive knot" as a result of the incident, and that he has since experienced symptoms of blurred vision, migraines, and dizziness. *Id.* Stating that his subsequent request for a CT scan was denied, Edwards seeks relief in the form of monetary damages for Defendant's "lack of maintenance … on the machine." *Id*.

## III
### Discussion

In order to state a claim under § 1983, a plaintiff must allege that he was deprived of a right under the Constitution or the laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In his complaint, Edwards seeks recovery for Grant's allegedly improper maintenance of the exercise machines at TCCF, as well as the denial of medical care. The claims are subject to scrutiny under the Eighth Amendment's prohibition against cruel and unusual punishment. *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). Under this standard, a prison official violates an inmate's constitutional rights only if the official shows a subjective deliberate indifference to conditions posing a substantial risk of serious harm to the inmate. *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)) (quotation marks omitted). Negligent actions do not state a § 1983 claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

### A. Equipment Maintenance

Edwards seeks to hold Grant responsible for his injuries on the theory that Grant, as Warden of TCCF, should have inspected and maintained the exercise equipment. However, "courts have held that failure to make proper safety inspections may amount to negligence, but does not by itself amount to deliberate indifference." *Gossett v. Wilson*, No. 6:16-cv-726, 2016 WL 6518663, at *2 (E.D. Tex. Sep. 29, 2016) (collecting cases).

### B. Denial of Medical Care

Edwards additionally alleges that he was denied medical care, as his request for a CT scan was denied. A plaintiff cannot support a claim of deliberate indifference merely by disagreeing with the choice of medical treatment he is provided. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001); *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Rather, "[a] showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks omitted).

Edwards concedes that he was initially provided with pain-relieving medication after the cable fell onto his head, and that several days later, his dosage of the medication was increased to alleviate his symptoms. Doc. #1 at 4. Therefore, even if the Court assumed that Grant bore the responsibility for deciding what medical treatment was necessary for Edwards, Edwards' own allegations show that he was provided with treatment. While Edwards disagrees with the level of treatment he received, this disagreement does not raise a constitutional issue. *See Hickerson v. Cooper*, No. 09-cv-404, 2009 WL 1787701, at *3 (W.D. La. June 23, 2009) ("He believes that [the defendant] did not treat him properly because he did not order a CT scan. [The defendant] apparently ordered an x-ray, prescribed acetaminophen, and referred Plaintiff to a neurology

clinic. What Plaintiff has alleged is a disagreement with his medical treatment, which does not state a claim under the Eighth Amendment.").

## C. Summary

In sum, Edwards' allegations fail to satisfy the critical deliberate indifference requirement of an Eighth Amendment claim. Therefore, accepting Edwards' allegations as true, the Court nonetheless determines that Edwards' complaint must be dismissed as frivolous and for failure to state a constitutional claim.

## IV
## Conclusion

Edwards' allegations fail to assert a cognizable constitutional violation. Accordingly, this action is **DISMISSED WITH PREJUDICE** as frivolous and for Edwards' failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Edwards is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered.

**SO ORDERED**, this 26th day of April, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**